[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15731
Non-Argument Calendar
_____

D. C. Docket No. 1:11-cr-20476-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER DE LA TORRE HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 20, 2012)

Before TJOFLAT, KRAVITCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Javier De La Torre Herrera, who pleaded guilty to conspiracy to commit bank larceny and bank larceny, in violation of 18 U.S.C. §§ 371 and 2113(b), appeals his total 24-month sentence.  On appeal, De La Torre Herrera argues that the district court gave undue weight to the need to avoid a sentencing disparity between his own sentence and that of his codefendants. No reversible error has been shown; we affirm.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence might be procedurally unreasonable if the district court fails to explain adequately the chosen sentence.  Id.  We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

---

[1] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

"Sentences outside the guidelines are not presumed to be unreasonable, but we may take the extent of any variance into our calculus." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). When the district court decides after "serious consideration" that a variance is in order, the court is required to explain adequately why that variance is appropriate in a particular case with sufficient justifications. Id. (quotation omitted).

> Because of its institutional advantage in making sentence determinations, a district court has considerable discretion in deciding whether the [section] 3553(a) factors justify a variance and the extent of one that is appropriate. We must give its decision due deference. We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. However, that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal.

Id. at 1238 (citations and quotations omitted).

We conclude that De La Torre Herrera's sentence is reasonable. Although his 24-month sentence varied upward from the top of the advisory guidelines range by 12 months, the sentence was well below the 10-year statutory maximum he faced. See 18 U.S.C. § 2113(b); United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum).

3

At the sentencing hearing, De La Torre Herrera pointed to the sentence reductions awarded to his codefendants for their substantial assistance; and then he argued in favor of a sentence at the low-end of the 6 to 12 month guideline range. The district court responded that De La Torre Herrera "could not start at consideration of a six-month sentence at all because to do that was to, effectively, nullify any reward for cooperation given to the coodefendants."

Here, the district court considered the issue of sentencing disparity in direct response to De La Torre Herrera's insistence that the court compare his sentencing range to his codefendants' sentences.[2] More important, the court expressly engaged in a comparison of De La Torre Herrera's sentencing range with his codefendants' sentences -- not to justify an upward variance to his sentence -- but instead to reject his arguments for a sentence at the low-end of the applicable guideline range. De La Torre Herrera's two codefendants received five-month sentences, in part due to the government filing a motion for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1; no such recommendation was made for De La Torre Herrera. The court also highlighted that the applicable

---

[2] The government argues that we should review De La Torre Herrera's argument that the district court gave undue weight to the need to avoid sentencing disparities for plain error because he did not raise this argument in district court. It is unnecessary to address this issue because De La Torre Herrera failed to show that the district court committed an error, plain or otherwise, in considering the disparity between De La Torre Herrera's and his codefendants' sentences.

4

guideline range for the instant offense -- 6 to 12 months' imprisonment -- was relatively low in the light of the amount of money taken from the bank, $30,000.

The district court further explained that it was "looking at disparity in sentencing, but I'm also looking at relative culpability." The court determined that De La Torre Herrera was more culpable than his codefendants for the offense conduct because he came up with the idea to rob the bank and convinced his girlfriend (an employee at the bank) to cooperate in his plan.[3] The court specifically noted that it was unlikely that the bank would ever recover the money taken by De La Torre Herrera because he already had spent his $15,000 share.

The district court explained its decision to apply an upward variance, citing its reliance on several of the section 3553(a) factors: the history and characteristics of the defendant, the nature and circumstances of the offense (including De La Torre Herrera's relative culpability in the offense) and the need for deterrence. See United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) ("[t]he weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in

---

[3] De La Torre Herrera cites to cases from other circuits about the application of a leadership enhancement in calculating the guideline range to argue that there was no evidence that he exercised decision-making authority over his codefendants. The district court, however, never imposed a leadership role enhancement, and De La Torre Herrera failed to establish that the district court erred in concluding that he was more culpable than his codefendants.

5

weighing the relevant factors.") (quotation and citation omitted).  As a result, De La Torre Herrera failed to demonstrate that the district court unduly focused on the sentencing disparity between De La Torre Herrera and his codefendants in imposing an above-guideline sentence.

Based on the evidence in the record, we conclude that De La Torre Herrera's sentence was reasonable and that the district court adequately justified its upwardly variant sentence.  Although De La Torre Herrera disagrees with the district court's assessment of several of the § 3553(a) factors, we -- on this record -- cannot say that the court's careful consideration of the factors and its conclusion were unreasonable.

AFFIRMED.